**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

CHARLES CASTON, *et al.*,

    Plaintiffs,

v.

MEXICO PRESIDENT, *et al.*,

    Defendants.

2:07-cv-00489-JCM-LRL

**<u>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (#1)</u>**

**REPORT & RECOMMENDATION**

    Charles Caston, acting *pro se*, has brought suit on his own behalf and on the behalf of Las Vegas & Reno Casinos, Japan, and North Korea.  Plaintiff is suing the President of Mexico, Clear Channel Radio & Advertisement Company, Radio One, Sirus [sic] Radio, Johnny [sic] Cochran Firm, The Rose Firm, John O Quinn [sic] Firm, and the Richard Racehorse Haynes Firm for violating his constitutional rights.  Plaintiff asks the court to close Capitol Hill.  Plaintiff also requests that the court order seizure of all government property that was used for brain washing.  Plaintiff filed an Application to Proceed *In Forma Pauperis* and Complaint on April 13, 2007 (#1).

**BACKGROUND**

    This Complaint is an exactly duplicate of that filed in 2:07-cv-00467-PMP-LRL, 2:07-cv-00490-LDG-LRL, and 2:07-cv-00515-RCJ-LRL; only the names of the defendants differ.  The undersigned has submitted a similar Report & Recommendation in connection with each of these cases.

**DISCUSSION**

**I.  *Pauperis* Status**

    28 U.S.C. § 1915 allows the court to authorize the commencement of a civil action "without

prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the court. *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963). Based on the Application, plaintiff qualifies for *pauperi*s status. *See* 28 U.S.C. § 1915.

**II. Complaint**

Because plaintiff is proceeding *in forma pauperis*, this court must review the instant action. 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). Pleadings prepared by *pro se* litigants should be held to less stringent standards and thus be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). However, "[p]ro se litigants must follow the same rules of procedure as other litigants." *King*, 814 F.2d at 567 (citations omitted). In determining whether a plaintiff has satisfied Rule 12(b)(6), all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

Upon review the court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33.

As a Complaint, the plaintiff submitted a form titled "Civil Asset Forfeiture and Criminal Seizure and Order of Protection Against Domestic Violence." The form is not one used in this court, nor does the information contained therein form the basis of a claim upon which relief may be granted. In fact, plaintiff's Complaint rises to the level of the irrational or the wholly incredible.

The Complaint names "Mexico President" as the person from whom plaintiff is seeking protection. None of the other defendants are mentioned. Plaintiff checked "Move Out Order" on the form indicating that he requests that the court close Capitol Hill and ask the RICO Act and Senators and Congressmen to move out and not return. Plaintiff also asks for extra time to notify "Mind Control, Mental Retards with Guns" and to "Seize all U.S. Government Property used for criminal activity, brain washing, stalking and odious forces." Plaintiff describes the "most recent abuse" as being "urine poured on me while, I had a Dream!" Further, plaintiff states that he was afraid because defendants, *inter alia*, stole pictures from a storage unit, attempted murder in a rental car, and price gouged. Plaintiff also indicates that defendants used a gun or other weapons to deny him sex, put chemicals in food and drink, beat him down in Sacramento, and burn his feet with Broadband Technology. Given the fanciful allegations of plaintiff's Complaint, the legal and factual deficiencies cannot be cured by amendment.

**ORDER**

IT IS ORDERED that the Application to Proceed *in Forma Pauperis* (#1) is GRANTED.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the Complaint should be filed and dismissed with prejudice.

. . . .

. . . .

. . . .

. . . .

. . . .

**NOTICE**

Pursuant to LR IB 3-2(a), any objections to this Report and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days from receipt of this Notice.

DATED this 14th day of June, 2007.

_/s/ Leavitt_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**